UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEWAINE SMITH,

    Plaintiff,

v.

WAL-MART STORES, INC., a Foreign Corporation, and JOHN DOES I through X, Inclusive,

    Defendants.

2:08-cv-1682-LDG-LRL

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Smith brought this action asserting that Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") is vicariously liable for an alleged assault and battery committed by one of Defendant's former employees. Defendant, however, contends that it is not responsible for the actions of its employee because Plaintiff waived any right to tort action by consenting to engage in the altercation and because the employee's actions were not within the scope of his employment. Defendant also maintains that, in any event, it cannot be held liable for punitive damages as Plaintiff's complaint alleges. Defendant has accordingly moved for summary judgment (#19, opposition #22, reply #28).

    A grant of summary judgment is appropriate only where the moving party has demonstrated through "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d

1148, 1154 (9th Cir. 2001). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. *Id.* The party opposing summary judgment "must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." *Taybron v. City & County of San Francisco,* 341 F.3d 957, 960 (9th Cir. 2003). If the non-moving party meets its burden, summary judgment must be denied. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

On July 31, 2007, Plaintiff entered into a Wal-Mart store in Las Vegas to meet his girlfriend who worked at the store and to do some shopping. Plaintiff had previously worked at this same store, but had been terminated due to attendance issues. Plaintiff alleges that he and Keland Harrison, then an assistant manager at the store, got into an argument as Plaintiff exited the store after purchasing groceries. Harrison then allegedly departed from Plaintiff's presence. Plaintiff walked to a bench with his girlfriend and, after conversing with her for an undisclosed period of time, proceeded to walk to his residence located a few blocks from the store. As Plaintiff crossed the Wal-Mart parking lot on his way home, he saw Harrison drive through the Wal-Mart parking lot and eventually park the in Jack-in-the-Box parking lot across the street. Plaintiff crossed the street to the Jack-in-the-Box parking lot, where he and Harrison again argued, and Harrison punched Plaintiff an unknown number of times. After learning of the incident, the store manager sent Harrison home from work. Harrison returned and worked at least one additional day following this incident before he was suspended and eventually terminated.

Under Nevada law, the scope of an employer's potential liability for the intentional acts of its employees is governed by statute. The Nevada Revised Statutes state that:

2

> 1. An employer is not liable for harm or injury caused by the intentional conduct of an employee if the conduct of the employee:
> (a) Was a truly independent venture of the employee;
> (b) Was not committed in the course of the very task assigned to the employee; and
> (c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment.
> For the purposes of this subsection, conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury.

Nev. Rev. Stat. § 41.745(1). The "harm or injury" of which Plaintiff complains was unquestionably "caused by the intentional conduct" of Keland Harrison. Therefore, according to Nevada law, Wal-Mart is not liable for Harrison's intentional altercation with Plaintiff so long as that altercation was "a truly independent venture of [Harrison]," "not committed in the course of the very tasks assigned to [Harrison]," and "not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of [Harrison's] employment." *Id.*

Plaintiff has failed to raise a genuine issue of material fact that Defendant is vicariously liable for the actions of its former employee. Harrison's acts were "a truly independent venture" and "not committed in the course of the very tasks assigned to [Harrison]." *Id.*; *see J.C. Penney Co. v. Gravelle*, 155 P.2d 477, 482 (Nev. 1945) ("True, he was then in the employ of the company, but he was not employed to commit an assault and battery . . . The acts not being within any express authority given by the company, nor within the scope of Whitworth's duty or employment, the principle of respondeat superior does not apply."). The Nevada Supreme Court recently affirmed the grant of summary judgment in favor of an assailant's employer pursuant to § 41.745 where a grocery store employee sued the employer of an independently contracted cleaning company after being repeatedly assaulted by one of the cleaning company's employees. *See Wood v. Safeway, Inc.*, 121 P.3d 1026, 1034-37 (Nev. 2005).[1] That court explained:

---

[1] Plaintiff urges this court to disregard *Safeway* because "that case discusses the issue in a worker's compensation context. This is different than the issue before this court where the victim is not an employee." Pl.'s Opp'n to Def.'s Mot. for Summ. J. 11, ECF No. 22. Plaintiff, however, erroneously reads *Safeway*. That case involved two defendants, the grocery store for whom the victim

> He was not acting on behalf of Action Cleaning when he assaulted Doe, or out of any sense of duty owed to Action Cleaning. The sexual assault was also not committed in the course of the tasks assigned to [the assailant] as a janitor. [The assailant's] sexual assault of Doe was an independent venture outside of the course and scope of his employment.

*Safeway*, 121 P.3d at 1036. Similarly, Plaintiff has failed to raise a genuine issue of material fact that Harrison's actions in driving his own vehicle off of the Defendant's premises to engage in a physical altercation with Plaintiff was anything less than "a truly independent venture . . . not committed in the course of the very tasks assigned to [Harrison]." Nev. Rev. Stat. § 41.745(1)(a),(b); *cf. Prell Hotel Corp. v. Antonacci*, 469 P.2d 399, 400-01 (1970) (affirming a judgment holding a casino liable for an assault and battery committed by blackjack dealer against an invited casino guest at the blackjack table because the altercation occurred within the scope of the very task assigned to the dealer, dealing blackjack). Plaintiff has presented absolutely no evidence regarding the subject of the dispute or that the dispute related in any way to Harrison's duties as an employee of Defendant. *See Ray v. Value Behavioral Health, Inc.*, 967 F. Supp. 417, 420 (D. Nev. 1997) ("The proper focus is . . . whether [the wrongful act] was committed in the course of a series of acts of the agent which were authorized by the principal.") (applying Nevada law, citations and internal quotations omitted); *cf. Rockwell v. Sun Harbor Budget Suits*, 925 P.2d 1175, 1180-82 (Nev. 1996) (reversing grant of summary judgment in favor of employer when an off-duty security guard shot and killed a woman on the employer's premises because conflicting evidence regarding the scope of off-duty security guard's employment responsibilities created

---

was employed and the independently contracted cleaning company for whom the assailant was employed. The *Safeway* opinion affirmed the grant of summary judgment in favor of both defendants, but on very different grounds. Although *Safeway*'s discussion of the plaintiff's claims against her own employer necessarily involves worker's compensation law, *Safeway*'s discussion of the plaintiff's claims against the assailant's employer, for whom that plaintiff was not employed, involves § 41.745 and does not involve worker's compensation law. Furthermore, because that plaintiff was not employed by the same company as her assailant, *Safeway*'s interpretation and application of § 41.745 in the context of claims against an assailant's employer is, contrary to Plaintiff's mistaken assertions, highly relevant to "the issue before this [C]ourt where the victim is not an employee [of the assailant's employer]." *Id.*

genuine issue of material fact). Furthermore, Plaintiff has failed to raise a genuine issue of material fact that Harrison's actions were "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of [Harrison's] employment." Nev. Rev. Stat. § 41.745(1)(c). "[C]onduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." Nev. Rev. Stat. § 41.745(1). Harrison's actions were not "reasonably foreseeable" because Defendant had not received any complaints about Harrison in any capacity, nor did any of Defendant's agents ever suspect violent propensities. *See Safeway*, 121 P.3d at 1036-37 (holding that the perpetration of sexual assault by an employee was not reasonably foreseeable where the employer had checked previous employment references and had not received any complaints regarding the employee). Plaintiff, however, attempts to create an issue of fact regarding the foreseeability of Harrison's actions, and Defendant's liability for Harrison's actions, by claiming that he and Harrison "were both arguing" in front of the store manager prior to Plaintiff's termination an unspecified number of months before the alleged assault and battery and that Harrison said, in the presence of the store manager, "he [allegedly referring to Plaintiff] doesn't know who he's fucking with, bro." Smith Dep. 27:20-22, ECF No. 23. Plaintiff claims that Harrison's later independent actions were "reasonably foreseeable" because "[t]his threat was not censored by the Manager . . . [and] left [Harrison] to believe that any actions against [Plaintiff] were warranted, condoned and ratified by the Defendant." Pl.'s Opp'n to Def.'s Mot. for Summ. J. 9, ECF No. 22. No other evidence or testimony corroborates Plaintiff's claims that either such a meeting took place or that Harrison said any such things. However, even viewing the evidence in the light most favorable to Plaintiff and assuming that Harrison actually made this statement in the presence of the store manager, Plaintiff has failed to raise a genuine issue of material fact that Harrison's later independent actions were "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of [Harrison's] employment." Nev.

5

Rev. Stat. § 41.745(1)(c). Plaintiff's suggestion that this event essentially deputized Harrison to believe that "any actions" against Plaintiff were "warranted, condoned, and ratified by Defendant" is unreasonable and unsupported. *See Crisp v. Maughan*, No. CV-S-92-981-LRL, 1994 WL 803211, at *1 (D. Nev. Jan. 11, 1994) (rejecting a plaintiff's unsupported claim that his co-worker had been "deputized" by his supervisor to commit and assault and battery on the plaintiff) (applying Nevada law). Therefore, Plaintiff has failed to raise a genuine issue of material fact that Defendant is vicariously liable for the actions of its former employee, and this Court need not address Defendant's other arguments. Accordingly,

THE COURT HEREBY ORDERS that Defendant's Motion for Summary Judgment (#19) is GRANTED.

DATED this 15 day of September, 2010.

_____
Lloyd D. George
United States District Judge